IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ICON LASER SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>NINE WEST HOLDINGS, INC. AND<br>ONE JEANSWEAR GROUP, INC.,<br><br>      Defendants. | Civil Action No. 3:15-cv-03718<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ICON LASER SOLUTIONS, LLC files this Original Complaint against Defendants NINE WEST HOLDINGS, INC. and ONE JEANSWEAR GROUP, INC. (collectively, "Defendants"), alleging as follows:

### I.   THE PARTIES

1.   Plaintiff ICON LASER SOLUTIONS, LLC ("Plaintiff" or "Icon Laser") is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business in Dallas, Texas.

2.   Upon information and belief, NINE WEST HOLDINGS, INC., ("Nine West") is a Delaware corporation with a principal place of business in New York, New York. Defendant may be served with process by serving its Registered Agent: Corporation Service Company, 2711 Centerville Rd., Wilmington, DE 19808.

3.   Upon information and belief, ONE JEANSWEAR GROUP, INC., ("One Jeanswear") is a New York corporation with the principle place of business in New York, New

York. Defendant may be served with process by serving its registered agent: Corporation Service Company, 80 State Street, Albany, New York 12207.

4. On information and belief, One Jeanswear is a subsidiary of Nine West.

## II. JURISDICTION AND VENUE

5. This is an action for infringement of a United States patent. Federal question jurisdiction over such action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Defendants have had minimum contacts with the Dallas Division of the Northern District of Texas such that this venue is fair and reasonable. Defendants have committed such purposeful acts or transactions in this district that it reasonably should know and expect that they could be hauled into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Dallas Division of the Northern District of Texas.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. PATENT INFRINGEMENT

8. On October 22, 1996, United States Patent No. 5,567,207 was duly and legally issued for a "Method for Marking and Fading Textiles with Lasers." A true and correct copy of the '207 Patent is attached hereto as Exhibit "A" and made a part hereof. The '207 Patent is referred to as the "Patent-in-Suit."

9.     By way of assignment, Plaintiff owns all substantial rights in and to the Patent-in-Suit, including the exclusive rights to enforce the Patent against infringers and to collect damages for all relevant times, and including the right to prosecute this action.

10.    As it pertains to this lawsuit, the '207 Patent, generally speaking, relates to the use of a laser to color fade and selectively alter textile materials in an environmentally friendly manner.

11.    On information and belief, Defendant Nine West, without authority, consent, right, or license, and in direct infringement of the '207 Patent, has made, used, offered for sale, sold, or imported systems or products that directly infringe one or more claims of the '207 Patent. By way of example only, Defendant Nine West has, without authority, made, imported, used, sold, or offered for sale products or services by and through its various brands, including but not limited to Anne Klein and l.e.i., that were made using a method or methods that infringe at least independent claims 1, 2, 3, 22, and 23, including but not limited to Anne Klein Metropolitan Women's Jeans and l.e.i. Women's Ashley Low Rise Jeans.

12.    On information and belief, Defendant One Jeanswear, without authority, consent, right, or license, and in direct infringement of the '207 Patent, has made, used, offered for sale, sold, or imported systems or products that directly infringe one or more claims of the '207 Patent. By way of example only, Defendant One Jeanswear has, without authority, made, imported, used, sold, or offered for sale products or services by and through its various brands, including but not limited to l.e.i. that were made using a method or methods that infringe at least independent claims 1, 2, 3, 22, and 23, including but not limited to l.e.i. Women's Ashley Low Rise Jeans.

13. Defendants have had knowledge of the existence of the Patent-in-Suit at least as early as the date on which they were served with this Complaint.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the Patent-in-Suit have been directly infringed, either literally or under the doctrine of equivalents, by Defendants; or judgment that one or more claims of the Patent-in-Suit have been directly infringed by others and indirectly infringed by Defendants, to the extent Defendants contributed to or induced infringement by others;

b. Judgment that Defendants account for and compensate Plaintiff for all damages suffered by and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285, to the extent permitted by law and equity; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  November 18, 2015                              Respectfully submitted,

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III
Texas State Bar No. 00797142
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
ed@nelbum.com

*Attorney for Plaintiff*
*Icon Laser Solutions, LLC*
